**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**United States of America,**

    **Plaintiff,**                              **Case No.: 13-cr-20335**

    **vs.**                                     **District Judge John Corbett O'Meara**

                                                **Magistrate Judge Mona K. Majzoub**

**Sherrod Davis**

    **Defendant.**

_____/

**OPINION AND ORDER . . . DEFENDANT'S MOTION FOR GOVERNMENT TO RETAIN ROUGH NOTES [14] MOTION FOR NOTICE FROM THE GOVERNMENT REGARDING 404(b) EVIDENCE [15] AND MOTION FOR DISCLOSURE OF BRADY MATERIALS [18]**

On April 30, 2013, Defendant Sherrod Davis was indicted on two counts of Felon in Possession of a Firearm; Armed Career Criminal under 18 U.S.C. §§ 922(g)(1), 924(e)(1), one count of Possession with Intent to Distribute a Controlled Substance under 21 U.S.C. § 841(a)(1), and one count of Possessing a Firearm in Furtherance of a Drug Trafficking Crime under 18 U.S.C. § 942(c). (Docket no. 1.) This matter comes before the Court on Defendant's Motion for Government Agents to Retain Rough Notes (docket no. 14), Motion for Notice from the Government Regarding 404(b) Evidence (docket no. 15), and Motion for disclosure of Brady Materials (docket no. 18). The government filed a Response to Defendant's Motions and Requests to Compel Discovery [Docket Nos. 14, 15, 17, and 18].[1] (Docket no. 23.)

---

[1] At the time Defendant filed the instant Motions, he also filed "Requests and Notices in Compliance with Standing Order for Discovery and Inspection." (Docket no. 17.) Defendant's filing requests that the government provide various evidentiary materials in compliance with the Court's "Standing Order for Discovery and Inspection," but it does not request that the Court take any action. Thus, these requests were not referred to the undersigned, and the

The motions have been referred to the undersigned for a decision. (Docket no. 19.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan LCrR 12.1(a) and LR 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

I.    **Defendant's Motion for Government Agents to Retain Rough Notes [14]**

Through his Motion, Defendant asks the Court to order "any and all government agents who have investigated the charges in this and related cases to retain and preserve all rough notes, rough drafts, tape recordings, memoranda, radio log reports, and work sheets taken as part of their investigation." (Docket no. 14 at 1.) Defendant asserts that these "rough notes" may be discoverable under *Brady v. Maryland*, 737 U.S. 83 (1963) or the Jencks Act, 18 U.S.C. § 3500. (*Id.* at 3.) Defendant does not, however, request production of the rough notes through the instant motion. Instead, Defendant acknowledges that such notes may be destroyed "when their contents are incorporated in official records and they [are destroyed] in good faith" and states that "[t]he purpose of this Motion is to place the government on notice that any [such] destruction . . . cannot be in good faith as of the time of this motion." (*Id.* at 4.)

The Government generally asserts that discovery is available to Defendant under Fed. R. Crim. P. 16, *Brady*, and the Jencks Act. (Docket no. 23 at 2.) The Government then notes that it has provided all Rule 16 materials, that it will provide all *Brady* materials, and that Defendant's request for Jencks Act materials is premature. (*Id.* at 3-7.) With specific regard to the rough notes at issue in the instant Motion, the Government first argues that such notes are not Jencks Act material. (*Id.* at 8.) The Government then acknowledges that rough notes "could be discoverable"

---

Government's responses with regard to these requests are not ripe in relation to the instant Motions.

under Fed. R. Crim. P. 16(a)(1)(B)(ii)[2] but asserts that "the Government is unaware of any agent or officer rough notes that contain statements made by Defendant during an interrogation by a Government agent." (*Id.*)

As noted, however, the Government's arguments are not relevant to the instant Motion because Defendant has not requested *production* of the rough notes; Defendant has only requested that the government agents be ordered to *retain* the rough notes so that if such a request is made at a later date "this Court may determine whether they should be made available to the Defendant." (Docket no. 14 at 3 (citing *United States v. Vella*, 562 F.2d 275 (3rd Cir. 1977), *cert. Denied* 424 F.2d 1074, 98 S.Ct. 1262 (1978)).

The Court will grant Defendant's Motion. Having been put on notice that Defendant intends to seek production of the rough notes at the appropriate time, any destruction of said notes would be in bad faith. Therefore, to the extent that any such rough notes exist, the Court will order the Government to instruct the case agent to "have all agents maintain copies of their rough notes until further notice." *Cf. United States v. Canez*, No. 07-20283, docket no. 323 (E.D. Mich. Aug. 11, 2010) (wherein the Government acknowledged that "[o]n the date [a similar] motion was filed, the case agent was instructed to have all agents maintain copies of their rough notes until further notice").

## II. Defendant's Motion for Notice from the Government Regarding 404(b) Evidence

Defendant asserts that he "believes that the government may attempt to introduce other acts as evidence in its case-in-chief pursuant to Rule 404(b)" and that "unless [this evidence] is disclosed

---

[2]Rule 16(a)(1)(B)(ii) requires disclosure of "the portion of any written record containing the substance of any relevant oral statement bade before or after arrest of the defendant made the statement in response to interrogation by a person the defendant knew was a government agent." Fed. R. Crim. P. 16(a)(1)(B)(ii).

prior to trial he will be unduly prejudiced." (Docket no. 15 at 1.) Defendant argues that the Government must disclose such evidence in advance of trial on request of the accused. (*Id.* at 4 (citing Fed. R. Evid. 404(b)).) Defendant is correct, but the Government acknowledges that such a requirement exists. (*See* docket no. 23 at 7.) The Government further asserts that it "will provide written notice of the general nature of any Rule 404(b) [evidence] that it intends to introduce against Defendant in a timely manner." (*Id.* at 7.)

The Court has no reason do doubt the integrity of the Government and expects that it will provide such evidence to Defendant in a timely manner pursuant to rule 404(b)(2). Therefore, the Court will deny Defendant's Motion. Having been provided with Defendant's request, however, should the Government fail to provide proper notice, it will be precluded from introducing such evidence at trial. *See United States v. Barnes*, 49 F.3d 1144, 1148 (6th Cir. 1995).

### III. Defendant's Motion for Disclosure of Brady Materials [18]

Defendant requests the pretrial disclosure of any evidence favorable to Defendant, including impeachment evidence, under *Brady* and its progeny. (*See* docket no. 18.) The prevailing view in this District is that the Court need not enter such an order where, as here, the Government acknowledges its discovery obligations, including its obligations under *Brady*. (*See* docket no. 23 at 5 (citing various cases from the Eastern District of Michigan). Defendant has provided no evidence or argument to suggest that the Government will not meet these obligations. Therefore, the Court will deny Defendant's Motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Government Agents to Retain Rough Notes [14] is **GRANTED**. The Government is ordered to instruct the case agent to have all agents maintain copies of their rough notes until further notice.

**IT IS FURTHER ORDERED** that Defendant's Motion for Notice from the Government

Regarding 404(b) Evidence [15] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant's Motion for Disclosure of Brady Materials [18] is **DENIED** without prejudice**.**

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  October 29, 2013          s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: October 29, 2013           s/ Lisa C. Bartlett
                                  Case Manager